IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| GINA WHITMORE,  )<br> )<br>  Plaintiff,  )<br> )   1:20-CV-1732-MSS<br>  v.  )<br> )<br> WHEATON VILLAGE NURSING AND  )   Judge Manish S. Shah<br> REHABILITATION CENTER, LLC,  )   Magistrate Gabriel Fuentes<br> )<br>  Defendant.  ) | |

**DEFENDANT WHEATON VILLAGE NURSING AND REHABILITATION CENTER, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Wheaton Village Nursing and Rehabilitation Center, LLC ("Defendant" or "Wheaton Village"), by and through its attorneys, Lewis Brisbois Bisgaard & Smith LLP, for its reply in support of its Motion for Summary Judgment, states as follows:

**PRELIMINARY STATEMENT**

Plaintiff has abandoned her claims arising under the Age Discrimination in Employment Act ("ADEA"), submitting no opposition to Defendant's Motion for Summary Judgment. *See* Pl.'s Opp'n at 20. Therefore, summary judgment should be granted on that claim or it should be dismissed with prejudice. With respect to Plaintiff's claim for race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), Plaintiff has admitted to the material facts that demonstrate that summary judgment is appropriate as a matter of law. In her opposition, Plaintiff attempts to muddy the record by presenting allegedly disputed "facts" that are immaterial to summary judgment. For disputed facts to defeat summary judgment, they must be ***material***. *See Jordan v. Summers*, 205 F.3d 337, 345 (7th Cir. 2000) ("While there are some disputed facts . . ., they are of little moment because they are immaterial to the issue at hand."); *Ferguson v. Walker*,

397 F. Supp. 3d 964, 969 (C.D. Ill. 2005) ("[A] plaintiff cannot defeat summary judgment by raising immaterial issues of fact.").

Moreover, Plaintiff must show that disputed material facts present a genuine issue, not just some "metaphysical doubt." *Matsushita Elec. Indus. Co., Lts v. Zenith Radio Corp.*, 475 U.S. 54, 586 (1986). Here, to the extent that Plaintiff identifies allegedly disputed facts, they are, in every instance, immaterial if not downright irrelevant, and therefore wholly insufficient to defeat summary judgment. Put briefly, it is undisputed that Melanie Tabieros genuinely believed that Maria Gonzalez and Guadalupe Guzman were prepared to quit if Wheaton Village did not terminate Plaintiff. Tabieros relayed this information to the facility's administrator, David Taylor, who made the decision to terminate Plaintiff in order to retain long-term employees Guzman and Gonzalez. Accordingly, and for the reasons set forth in Wheaton Village's motion, Defendant is entitled to summary judgment with respect to all remaining claims of Plaintiff.

## ARGUMENT

### A. The Relevant Legal Standard Establishes that Wheaton Village is Entitled to Summary Judgment

Plaintiff's opposition is nothing more than a hyperbolic attempt to distract the Court from a clear record demonstrating that summary judgment is appropriate. As an initial matter, throughout her opposition, Plaintiff asserts that "Defendant admits . . . that the reason given to Plaintiff regarding her termination was a lie." *See* Pl.'s Opp'n at 1, 7. This is incorrect and demonstrably false. Defendant has made no such "admission." In reality, when asked "Isn't it true that you lied to her?" Mr. Taylor responded, "No, I didn't." Taylor Tr. at 110:2-3. Plaintiff's repeated representation otherwise is a blatant distortion of the deposition testimony and should be disregarded.

In support of her assertion that her termination was discriminatory, Plaintiff points to two or three instances when other Black employees took off work and Taylor allegedly commented, "that's what Black people do," and one instance in which Tabieros commented that "your sisters took off."[1] *See* Pl.'s Opp'n at 2-3. Even assuming these isolated comments were made over the course of Plaintiff's employment, they are insufficient to create an issue of fact warranting trial.

First, by Plaintiff's own version, it is undisputed that these alleged outlying comments were not made about Plaintiff, but instead allegedly were made about other employees. Plaintiff herself testified that she never took time off of work, thus, any comments concerning taking time off of work could not be about her. *See* Resp. to SOF at ¶¶ 20-21. Furthermore, Plaintiff has not shown any connection between these alleged comments and her termination, and they do not support an inference that Defendant terminated her based on her race or that its reason for her termination was pretexual. Such isolated comments are insufficient to establish a hostile work environment. *See Nichols v. S. Ill. Univ.-Edwardsville*, 510 F.3d 772, 781-82 (7th Cir. 2007) ("[S]tray remarks that are neither proximate nor related to the employment decision [at issue] are insufficient to defeat summary judgment."); *Hoosier v. Greenwood Hospitality Mgmt. LLC*, 32 F. Supp. 3d 966 (N.D. Ill. 2014) ("The Seventh Circuit repeatedly has held that isolated comments by a supervisor that may be inappropriate and offensive do not rise to a level that is sufficient to support a claim of discrimination or harassment."). Thus, even accepting as true that Taylor and Tabieros made these isolated comments, they are insufficient to defeat summary judgment.

Throughout her opposition, Plaintiff disputes that Gonzalez or Guzman actually threatened to quit. *See* Pl.'s Opp'n at 3, 7-8. First, this is not material because the relevant inquiry is what

---

[1] It is undisputed that Tabieros did not make the decision to terminate Ms. Whitmore's employment and that Taylor was the sole decisionmaker. Thus, any such alleged singular comment does not support an inference that Ms. Whitmore's termination was discriminatory.

Tabieros and Taylor believed. Plaintiff has not adduced any evidence to dispute Tabieros' or Taylor's good faith belief that they believed two long term employees were going to quit because they told Tabieros that they were going to walk out or leave the building, which Tabieros understood to mean they were going to quit, which she then relayed to Taylor. Second, the deposition testimony actually demonstrates that both women intended to quit if Wheaton Village did not terminate Plaintiff. To that end, Guzman specifically testified that she stated that she wanted to quit Wheaton Village, including complaining about the working conditions and stating that Gonzalez said that she was going to quit because "she couldn't stand Gina anymore." *See* Guzman Tr. at 67:4-9.

Regardless, even if Gonzalez and Guzman did not explicitly express an intention to quit to Tabieros, it is undisputed that this was Tabieros' good faith understanding. Based on this information, which was conveyed to Taylor, Taylor made the reasonable business decision to terminate Whitmore's employment. Even if this understanding was a mistake, action taken based on a mistaken understanding by Tabieros or Taylor is legally insufficient for Plaintiff to meet her burden of showing pretext. *Blankenship v. Am. Phoenix, Inc.*, 795 F. App'x 467, 470 (7th Cir. 2020) (observing that, in evaluating discrimination, "a mistake does not amount to pretext"); *Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 680 (7th Cir. 1997) ("[W]hen an employee is discharged because of an employer's honest mistake, federal anti-discrimination laws offer no protection.") As described in Defendant's motion for summary judgment, the Court does not sit as a super personnel department. *See Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1181 (7th Cir. 2002) (observing that a court's role is "not to act as a super personnel department that second guesses employers' business judgments") (internal quotation omitted); *Simpson v. Donahoe*, Case No. 13 C 6141, 2015 U.S. Dist. LEXIS 55024, at *14 (N.D. Ill. Apr. 27, 2015) ("Although [the plaintiff]

4862-5907-6104.3   4

may believe that [the defendant] acted inconsistently toward her when compared to non-African American employees, that mere belief is not sufficient to call into question [the defendant's] proffered reasons for [its] actions.").

While Plaintiff may be displeased with the decision to terminate her employment, there is nothing in the record supporting an inference that it was in any way discriminatory, and she has adduced no evidence disputing Wheaton Village's legitimate business decision. *Lewandowski v. Columbia Coll. Chi*, Case No. 09 C 4949, 2012 U.S. Dist. LEXIS 26034, at *18 (N.D. Ill. Feb. 28, 2012 ("[A]n action that merely 'displeases the employee' is not actionable.") (quoting *Herrnreiter v. Chicago Housing Authority*, 315 F.3d 742, 744 (7th Cir. 2002))  Accordingly, summary judgment should be granted.

Plaintiff further argues that "Defendant did not tell her at the time she was terminated that her termination was allegedly based upon complaints about her or her department." *See* Pl.'s Opp'n at 3.  This, again, is immaterial, as there is no requirement Wheaton Village inform her of the exact basis of her termination.  As described at length, there was a valid, non-discriminatory reason for Ms. Whitmore's termination – namely, that Tabieros and Taylor understood that Gonzalez and Guzman were prepared to quit if Defendant did not terminate Whitmore.  Even assuming Wheaton Village did not explain this reason in depth to Ms. Whitmore, this does not establish that the basis for her termination did not exist.  Thus, this is yet another red herring that Plaintiff has identified in an unsuccessful attempt to defeat summary judgment.

To that end, Plaintiff's reliance upon her favorable performance review is similarly misplaced. Defendant does not dispute that Taylor provided Plaintiff with a favorable performance review months prior to learning of the complaints of Gonzalez and Guzman.  While her performance may have been acceptable at the time of her review, Taylor's assessment of Plaintiff's

performance changed when he learned of the complaints before her termination and decided to terminate her employment.

Next, Plaintiff has failed to identify any employee who was similarly situated to her. The only other allegedly "similarly situated" employee that Plaintiff identifies is Rafael Rivera, who replaced her. Rivera undisputedly started work *after* Ms. Whitmore was terminated, and they never worked for Defendant at the same time. It is well established that an employee hired after the plaintiff's termination is not an appropriate comparator for purposes of evaluating a similarly situated employee. *See Quevedo v. Top-Line Furniture Warehouse Corp.*, Case. No. 16 C 5991, 2018 U.S. Dist. LEXIS 49889, at *34-35 (N.D. Ill. Mar. 27, 2018) (holding that a potential comparator was "not similarly situated" where the defendant did not hire the alleged comparator until "after the last of" the alleged discriminatory actions). Furthermore, there is no record evidence to show that Rivera was treated more favorably than Plaintiff. Insofar as Plaintiff asserts that there was no action taken with respect to Mr. Rivera when "he had issues with having employees regularly not show up for work," *see* Pl.'s Opp'n at 12, this is not why Plaintiff was terminated. No adverse action was taken against Plaintiff related to employees showing up, or not, to work. Moreover, there is no evidence that other employees complained about Rivera for the same reasons they complained about Plaintiff, nor has Plaintiff adduced any evidence of what action, if any, Wheaton Village did or did take related to Rivera, meaning he is not an appropriate comparator. *See Rogers v. DeJoy*, Case No. 19 C 5389, 2021 U.S. Dist. 182060, at *18 (N.D. Ill. Sept. 23, 2021) (holding that alleged comparators were not similarly situated to the plaintiff where "Plaintiff had a history of previous discipline while her comparators did not").

Plaintiff asserts that Pipes, an afternoon cook, "complained about how Rivera was treating her but management disregarded her complaints." Pl.'s Opp'n at 13. Yet Plaintiff has adduced no

evidence beyond the opinion of an hourly afternoon cook who disagrees with how her employer addressed her complaints. This is insufficient to show that Wheaton Village believed Rivera engaged in conduct substantially similar to Plaintiff or that the circumstances were substantially similar such that he was treated more favorably than Plaintiff. Indeed, both Guzman and Gonzalez testified that they only complained about Whitmore, not Rivera.

Plaintiff also points to Wheaton Village's discipline policy to try to show that Wheaton Village did not follow proper procedure with respect to her termination. *See* Pl.'s Opp'n at 8-9. However, it is undisputed that the progressive disciplinary policy need not be followed in the Company's discretion, and there is simply no requirement that each and every step be followed under the plain language of the policy itself, which provides that Wheaton Village can skip any steps in its discretion. *See* SOF at ¶ 15. Plaintiff may disagree with this policy, but her opinion on how the situation should have been handled is not controlling. *Lewandowski*, 2012 U.S. Dist. LEXIS 26034, at *18. Similarly, Plaintiff's assertion that "there was absolutely nothing provided to Plaintiff . . . that indicated that she was not meeting Defendant's legitimate performance expectations," *see* Pl.'s Opp'n at 7, is entirely immaterial. There is no such requirement.

**B.** **Most of the Facts Plaintiff Presents are Immaterial**

Finally, Plaintiff's opposition is replete with partially accurate, irrelevant, non-material facts that Plaintiff asserts are sufficient to create defeat summary judgment. She is incorrect, as the "facts" that Plaintiff identifies are either not actually disputed or not actually material. Throughout her opposition, Plaintiff identifies a number of instances in which she alleges that employees gave potentially conflicting or inconsistent deposition testimony from that provided from other witnesses. However, these instances generally do not pertain to **material** facts and do nothing to defeat Defendant's motion for summary judgment.

By way of example, Plaintiff points to the relationship between Rivera and Pipes, apparently suggesting that the decision to retain Rivera as an employee because a part-time afternoon cook said she complained about him supports an inference that the decision to terminate Whitmore was discriminatory. As an initial matter, Rivera began working after Whitmore was terminated, so any discussion relating to him is immaterial. *See Quevedo*, 2018 U.S. Dist. LEXIS 49889, at *34-35. Next, Plaintiff has adduced no evidence related to the specifics of the complaint or how it was handled by Wheaton Village. She only says the cook was unhappy. Plaintiff also misses the mark when she asserts that Taylor terminated Plaintiff for purposes of "keeping his long term employees happy." *See* Pl.'s Opp'n at 10. The record is clear that Taylor made the decision to terminate Whitmore so that they would not quit – not simply to "keep them happy."

Throughout her opposition, Plaintiff repeatedly notes the short staffing at Wheaton Village. While she appears to believe that this demonstrates that her conduct was justified, in reality, it only serves to demonstrate that Defendant was justified in terminating her employment. Had they not done so, two long term employees would have quit, leaving Wheaton Village even more understaffed. Thus, the decision to terminate her employment was unquestionably a reasonable business decision.

Contrary to Plaintiff's bald assertion that "the evidence points to the conclusion that Taylor terminated Plaintiff on the basis of her race," *see* Pl.'s Opp'n at 12, in reality, Plaintiff fails to identify a single race-based comment made to her or any other fact that supports an inference that her termination was related, in any way, to her race. To the contrary, had Taylor intended to terminate Plaintiff based on her race, he would not have either hired her in the first place or given her a favorable performance review several months prior to her termination.

Plaintiff also relies on her allegation that two other Black employees who were hired at the same time were also terminated. *See* Pl.'s Opp'n at 12. However, there is no evidence in the record that shows either was similarly situated to Plaintiff. Furthermore, the deposition testimony establishes that there were legitimate reasons for both of these terminations – namely, that one had chronic absenteeism and the other had a credible abuse accusation leveled against her. *See* Resp. to SOF at ¶ 6. In any event, the mere fact that other Black employees were terminated does not support an inference that Ms. Whitmore's termination was discriminatory, and thus is insufficient to defeat summary judgment.

Finally, to the extent that Plaintiff makes observations about Mr. Taylor's demeanor during the course of his depositions, *see* Pl.'s Opp' at 19-20, it goes without saying that demeanor and credibility is not properly considered in deciding a motion for summary judgment.

## **CONCLUSION**

For the reasons set forth herein, as well as those set forth in Wheaton Village's Motion for Summary Judgment, Wheaton Village respectfully requests that this Court grant its motion for summary judgment in its entirety and grant such other relief as is just and proper.

Dated: February 11, 2022          **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                                                                 By:   */s/ Kenneth D. Walsh*
                                                                         One of Its Attorneys

Mary A. Smigielski (ARDC # 6243913)
Kenneth D. Walsh (N.Y. Bar No. 5044086)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: 312.345.1718
F: 312.345.1778

Mary.Smigielski@lewisbrisbois.com
Kenneth.Walsh@lewisbrisbois.com
*Attorneys for Defendant*